UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | DOCKET NO. 16 CR 10244-DPW |
| ) | |
| PATRICK KEOGAN ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S REQUEST FOR PRE-TRIAL RELEASE**</u>

At Mr. Keogan's initial appearance, the government moved for Mr. Keogan's pre-trial detention under 18 U.S.C. §3142(f)(1)(A)[1], alleging that the charge of threats to unlawfully damage and destroy a building by means of fire, 18 U.S.C. §844(e), constitutes a "crime of violence." The defendant submits this Memorandum of Law at the Court's request and in support of his argument, made at the detention hearing on August 12, 2016, that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), applies to the Bail Reform Act and that, accordingly, the crimes with which Mr. Keogan has been charged do not constitute "crimes of violence."  Because the charges do not qualify as crimes of violence under the bail statute, Mr. Keogan can only be detained if the government meets its burden of proving that Mr. Keogan poses a serious risk of flight or a serious risk to intimate a witness or obstruct justice. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).

   I.   ***Johnson*'s holding regarding the Armed Career Criminal Act's definition of "violent felony" applies to the Bail Reform Act's similarly-worded definition of "crime of violence."**

"Crime of violence" is defined, for purposes of the Bail Reform Act, in 18 U.S.C. §3156(a)(4) as follows:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

---

[1] The government also moved under 18 U.S.C. §3142(f)(2)(A) and (f)(2)(B).

1

> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
>
> (C) any felony under chapter 77, 109A, 110, or 117

The definition of "crime of violence" that applies to the Bail Reform Act is nearly identical to the definition of "violent felony" found unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") (18 U.S.C. §924(e)(2)(B)(ii)) - providing that a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – was "unconstitutionally vague" because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. The risk-based language in the residual clause found at 18 U.S.C. §3156(a)(4)(B) is similar to that of 18 U.S.C. §924(e)(2)(B)(ii). The statutory differences are immaterial to the analysis required by *Johnson*. *Johnson*'s determination that the ACCA residual clause was unconstitutionally vague hinged not on the type of risk, but on the type of inquiry required to assess and quantify the risk. The residual clauses of both §3156(a)(4)(B) and §924(e) require a court to first determine the "ordinary case" of the felony designated as a predicate and then to employ a categorical approach to assess the risk posed by that "ordinary case." It was the indeterminancy of those determinations that rendered the residual clause of the ACCA unconstitutionally vague. That same indeterminancy requires that the residual clause of §3156(a)(4)(B) be held unconstitutionally vague.

The residual clause of §3156(a)(4)(B) is identical to the residual clause of the definition of "crime of violence" found in 18 U.S.C. §924(c)(3)(B) and 18 U.S.C. §16(b). Three circuits

have held the identically-worded residual clause of §16(b) to be unconstitutionally vague following *Johnson*, notwithstanding some textual differences between the ACCA residual clause and §16(b).[2] *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Shuti v. Lynch*, 2016 WL 3632539 (6th Cir. July 7, 2016); *but see United States v. Taylor*, 814 F.d 340 (6th Cir. 2016) (holding that the residual clause of §924(c) is not void for vagueness); *United States v. Gonzalez-Longoria*, 2016 WL 4169127 at *5-6 (5th Cir. Aug. 5, 2016) (holding that residual clause of §16(b) is not unconstitutionally vague); *United States v. Hill*, 2016 WL 4120667 (2d Cir. Aug. 3, 2016) (holding that the residual clause of §924(c) is not void for vagueness). In *Dimaya* the court held that:

> The Court's reasoning [in *Johnson*] applies with equal force to the similar statutory language and identical mode of analysis used to define a crime of violence [in §16(b)]. The result is that because of the same combination of indeterminate inquiries, §16(b) is subject to identical unpredictability and arbitrariness as ACCA's residual clause….a careful analysis of the two sections, the one at issue here and the one at issue in *Johnson*, shows that they are subject to the same constitutional defects and that *Johnson* dictates that §16(b) be held void for vagueness.

803 F.3d at 1115.  None of the differences between the two clauses "undermines the applicability of *Johnson*'s fundamental holding." (*id.* at 1120). Likewise, in *United States v. Vivas-Ceja,* 808 F.3d 719,720, 723 (7th Cir. 2015), the court held that §16(b) "is materially indistinguishable from the ACCA's residual clause" because it requires "the identical indeterminate two-step approach" found unconstitutional in *Johnson*. For these same reasons, the residual clause of §3156(a)(4) is unconstitutionally vague.[3]

---

[2] The text of the ACCA residual clause differs in its reference to "physical injury" rather than "physical force" and its use of the phrase "otherwise involves conduct" rather than "by its nature".

[3] Counsel is not aware of any published decisions to date that contain an analysis of *Johnson* to the Bail Reform Act's definition of "crime of violence."

## II. Threats to burn a building does not qualify as a "crime of violence" under the force clause.

With the residual clause void for vagueness, an offense qualifies as a "crime of violence" if it satisfies the "force clause" of §3156(a)(4). The force clause requires that an offense have "an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §3156(a)(4)(A). "'[P]hysical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*") (emphasis in original). The use of force must be intentional, not merely reckless or negligent. *See United States v. Fish*, 758 F.3d 1, 9-10 & n.4 (1st Cir. 2014) (collecting cases); *Whyte v. Lynch*, 807 F.3d 463, 468 (1st Cir. 2015).

In determining whether an offense is a crime of violence, courts follow the categorical approach, assessing "the elements of the statute of conviction, not [] the facts of each defendant's conduct." *Taylor v. United States*, 495 U.S. 575, 601 (1990); *see also United States v. Singleton*, 182 F.3d 7, 10-11 (D.C. Cir. 1999) (holding that courts must use categorical approach to identify crimes of violence under the Bail Reform Act and gathering cases); *United States v. Pereira*, 454 F.Supp.2d 40 (D.Mass. 2006) (applying categorical approach to Bail Reform Act's definition of crime of violence). The elemental, categorical approach was unequivocally reaffirmed by the Supreme Court in *Mathis v. United States*, No. 15-6092 2016 WL 3434400 (U.S. June 23, 2016). Thus, after *Johnson II* a court may no longer look at the conduct in "the ordinary case" in evaluating predicates or engage in comparative risk analysis as it did under the residual clause.

The statute at issue here, threats to burn a building, 18 U.S.C. §844(e), does not meet the definition of "crime of violence" in the force clause. The elements of the statute are as follows: 1) the defendant made any threat, or maliciously conveyed false information knowing the same to be false, concerning an attempt or alleged attempt being made, or to be made, to kill, injury, or

4

intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of fire or explosive; 2) the defendant used the mail, telephone, telegraph, or other instrument of interstate or foreign commerce to communicate the threat; and 3) the defendant acted willfully. 18 U.S.C. §844(e). The question is whether this statute involves the threatened use of physical force against the property of another, keeping in mind the Supreme Court's definition of "physical force" from *Johnson I*, i.e. "*violent* force – that is, force capable of causing physical pain or injury to another person." There are many means by which a person can violate this statute. As articulated recently in *Mathis, supra*, a Court can look only to the elements of the crime, that is, those facts a jury must find unanimously and beyond a reasonable doubt, and not to the means by which the crime is committed. 136 S.Ct. at 2253. In this statute, a jury could convict based on either threats or maliciously conveyed false information. Those are two different means by which this crime could be committed, and the malicious conveyance of false information does not meet the definition of crime of violence in the force clause. Likewise, the information conveyed could be concerning not just physical force, but also intimidation, which would likewise not fall under the force clause's definition. Thus, because the elements of the statute prohibit conduct that does not necessarily meet the force clause's definition of crime of violence, the statute is overbroad and cannot constitute a crime of violence for purposes of the bail statute. *See United States v. Fish*, 758 F.3d 1, 5 (1st Cir. 2014) ("We 'look only to the statutory definition of the state crime and the fact of the conviction to determine whether the conduct criminalized by the statute, *including the most innocent conduct*, qualifies as a crime of violence.'" (quoting *Karimi v. Holder*, 715 F.3d 561, 567 (4th Cir.2013)) (emphasis added).

> PATRICK KEOGAN,
> By his attorney,
>
> */s/ Jane F. Peachy*
> Jane F. Peachy, BBO #661394
> Federal Defender Office
> 51 Sleeper Street, 5th Floor
> Boston, MA  02210
> Tel: 617-223-8061

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 2, 2016.

> */s/ Jane F. Peachy*
> Jane F. Peachy

6