UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 16-10244-DPW

UNITED STATES OF AMERICA

v.

PATRICK KEOGAN

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

September 9, 2016

Boal, M.J.

Defendant Patrick Keogan is charged in a complaint with using an instrument of interstate and foreign commerce to willfully make a threat to injure or intimidate another individual or to unlawfully damage and destroy a building by means of fire in violation of 18 U.S.C. § 844(e) and, after felony conviction, transporting in interstate or foreign commerce, and possessing in and affecting commerce, ammunition, and receiving ammunition shipped and transported in interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). An initial appearance was held on July 26, 2016, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (crime of violence for which a maximum term of imprisonment of 10 years of more is prescribed), § 3142(f)(2)(A) (risk of flight), and § 3142(f)(2)(B) (risk of obstruction of justice).

The Court held a detention hearing on August 12, 2016. The government called FBI Special Agent Alexander Arnett Jr. and admitted nine exhibits into evidence. Defense counsel cross-examined the witness. On September 2, 2016, in response to the Court's August 26, 2016 Order, Dkt. No. 17, the parties submitted additional briefing regarding the defendant's argument that the crimes with which Keogan has been charged do not constitute "crimes of violence"

under the Bail Reform Act. Dkt. Nos. 18, 19. The Court considered the evidence submitted at the hearing, the parties' arguments and supplemental briefing, and a Pretrial Services Report that recommends detention. After careful consideration of the evidence and for the following reasons, the Court orders the defendant detained pending trial.

I.      ANALYSIS

   A.   The Bail Reform Act

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991). If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).

### B. Crime Of Violence

The government has moved for detention on the ground that Keogan is charged with a crime of violence pursuant to 18 U.S.C. § 3142(f)(1)(A). Specifically, the government contends that threatening to destroy a building by means of fire in violation 18 U.S.C. § 844(e) is a crime of violence under 18 U.S.C. § 3156(a)(4)(A). Dkt. No. 18 at 1.

A "crime of violence" is defined, for purposes of the Bail Reform Act, as follows:

(A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C) any felony under chapter 77, 109A, 110, or 117.

18 U.S.C. § 3156(a)(4) ("Section 3156(a)(4)").

Keogan argues that threatening to burn a building does not satisfy the elements enumerated in Section 3156(a)(4)(A). Dkt. No. 19 at 4-5. This Court disagrees. Section 3156(a)(4)(A) specifically references offenses that include the use, attempted use, or threatened use of physical force against the person or property of another. See 18 U.S.C. § 3156(a)(4)(A). Title 18, United States Code, Section 844(e) provides:

Whoever, through the use of the mail, telephone, telegraph, or other instrument of interstate or foreign commerce, or in or affecting interstate or foreign commerce, willfully makes any threat . . . concerning an attempt or alleged attempt being made, or to be made, to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive shall be imprisoned for not more than 10 years or fined under this title, or both.

18 U.S.C. § 844(e). Keogan has been charged under this statute with making repeated threats, on Facebook, to burn down the mosques of the Islamic Society of Boston Cultural Center and the

3

Islamic Society of Northeastern University.  Such allegations potentially involve physical force against a person, and certainly involve physical force against the property of another.  Accordingly, this conduct falls within the purview of the definition of crime of violence outlined in Section 3156(a)(4)(A).

Relying on the Supreme Court's holding in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015),[1] Keogan argues that Section 3156(a)(4)(B)—the "residual clause" of the Bail Reform Act—is unconstitutionally vague.  Dkt. No. 19 at 2-3.  The Bail Reform Act's residual clause is not at issue here.  Rather, Keogan has been charged with at least one crime that this Court determines meets the definition of a crime of violence as defined in Section 3156(a)(4)(A).  Accordingly, there is no need to address the effect of the Supreme Court's decision in Johnson on the residual clause of Section 3156(a)(4)(B).

### C.    Nature Of The Offense And Weight Of The Evidence

Keogan is accused of making threatening posts on the Facebook pages of the Islamic Society of Boston Cultural Center and the Islamic Society of Northeastern University.  The posts contained an image of a mosque surrounded by flames and a message that read: "Burn your local mosque."  Keogan is also alleged to have used Facebook to post hostile and threatening comments regarding the Islamic community and other Islamic mosques.  The government further alleges that Keogan possessed and transported ammunition even though a prior felony conviction prevented him from lawfully doing so.

---

[1] Johnson held that imposing an increased sentence under the residual clause of 18 U.S.C. §924(e)(2)(B), the Armed Career Criminal Act, denies defendants due process of law.  Johnson, 135 S. Ct. at 2563.

### C. Defendant's History And Characteristics

Keogan, age 44, was born in Melrose, Massachusetts. He completed high school through the 11th grade and later received his GED. Keogan has been employed as an electrician for the past 13 years, but his employment is often unsteady. His last job lasted for six months between the summer of 2015 and March, 2016. Since that time, he has collected unemployment benefits and has worked sporadically through his union.

Keogan has a history of heavy drinking and reported that he generally drinks 1 to 10 beers on a daily basis.

### D. Risk Of Flight

Keogan is a life-long resident of Massachusetts. He has lived at the same address in Wilmington, Massachusetts for his entire life. He lives with his parents, his wife of 17 years, and the couple's 19 year old son. Keogan's only sibling also lives in Wilmington.

### E. Dangerousness

Keogan's criminal history shows convictions for malicious destruction of property, compulsory insurance violations, operating a motor vehicle after license suspended, possession of a Class D controlled substance, threatening to commit a crime, assault and battery with a deadly weapon, and two separate instances of operating a motor vehicle under the influence of alcohol.

When agents searched Keogan's residence, they found thousands of rounds of ammunition, a pineapple grenade, dozens of bladed weapons, and over forty guns, including handguns and rifles. Keogan's father said some of the guns belonged to him.

### F. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court determines that the government has met its burden regarding detention. The nature of the offense and the potential danger to the community combined with Keogan's criminal convictions and history of alcohol abuse weigh heavily in favor of detention. Accordingly, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ORDER OF DETENTION

In accordance with this memorandum, it is ORDERED that the defendant be DETAINED pending trial, and is further ORDERED that:

(1) Patrick Keogan be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Patrick Keogan be afforded reasonable opportunity for private consultation with counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Patrick Keogan is detained and confined deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge