**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **DOCKET NO. 16 CR 10244-DPW** |
| | ) | |
| **PATRICK KEOGAN** | ) | |

**DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER**
**BY DISTRICT COURT JUDGE**

Defendant, Patrick Keogan, moves, pursuant to 18 U.S.C. §3145(b), that the District Court review and revoke the Magistrate Judge's order of pre-trial detention. As grounds for this motion, defendant states that, contrary to the Magistrate Judge's findings, Mr. Keogan has not been charged with a "crime of violence" as that term is defined in 18 U.S.C. §3156(a)(4). In addition, the defendant asserts that the government did not meet its burden in establishing that Mr. Keogan presents a serious risk of flight or a serious risk to obstruct or attempt to obstruct, or threaten, injury, or intimidate, or attempt to threaten, injury, or intimidate, a prospective witness or juror, 18 U.S.C. §3142(f)(2)(A) & (B). The conditions of release proposed by the defendant at the detention hearing[1] would reasonably assure Mr. Keogan's appearance at future court hearings and assure the safety of the community.

Mr. Keogan was charged in a complaint with two counts of making threats by mail or telephone, 18 U.S.C. §844(e), and one count of being a felon in possession of ammunition, 18

---

[1] Those conditions are: 1) that his wife serve as third-party custodian; 2) all members of the household surrender any firearms licenses; 3) no member of the household may possess a firearm or other weapon, nor obtain any new weapons; 4) that Mr. Keogan reside in his family home in Wilmington, Massachusetts (the house where he has lived his whole life); 5) mental health treatment and counseling; 6) take any prescribed medications; 7) abstain from alcohol and illicit substances; 8) submit to breathalyzer tests or other tests to detect alcohol as directed by probation; 9) submit to random drug testing; 10) no use of Facebook or social media, as well as other restrictions on the use of the internet as deemed appropriate by the Court; 11) stay away and have no contact, either direct or indirect, with any of the named victims of the offense; 12) travel restricted to the state of Massachusetts; 13) maintain employment; 14) GPS monitoring with a curfew tailored to Mr. Keogan's work schedule and other obligations.

U.S.C. §922(g).[2] At his initial appearance, the government moved for Mr. Keogan's pre-trial detention under 18 U.S.C. §3142(f)(1)(A), (f)(2)(A), and (f)(2)(B). In support of their motion for detention under 18 U.S.C. §3142(f)(1)(A), the government argued that the charge under 18 U.S.C. §844(e) was a "crime of violence." At the detention hearing, as well as later in a memorandum submitted at the request of the Magistrate Judge, the defense argued that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), applies to the Bail Reform Act and that, accordingly, the crimes with which Mr. Keogan has been charged do not constitute "crimes of violence." Because the charges do not qualify as crimes of violence under the bail statute, Mr. Keogan can only be detained if the government meets its burden of proving that Mr. Keogan poses a serious risk of flight or a serious risk to intimate a witness or obstruct justice, which they did not do. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).

The Magistrate Judge, in her order that Mr. Keogan be detained, held that making threats by mail or telephone, 18 U.S.C. §844(e), met the definition of crime of violence found at 18 U.S.C. §3156(a)(4), which is the "force clause" of the applicable definition of crime of violence for the Bail Reform Act. In so holding, however, the Magistrate Judge did not employ the "categorical approach" to her analysis of whether or not the statute in question met the definition of crime of violence. Instead, the Magistrate Judge looked to the specifics of the allegations made against Mr. Keogan:

> Keogan has been charged under this statute with making repeated threats, on Facebook, to burn down the mosques of the Islamic Society of Boston Cultural Center and the Islamic Society of Northeastern University. Such allegations potentially involve physical force against a person, and certainly involve physical force against the property of another. Accordingly, this conduct falls within the purview of the definition of crime of violence outlined in Section 3156(a)(4)(A). D.E. 23 at 3-4.

---

[2] Since the detention hearing, an indictment has been returned charging Mr. Keogan with the same offenses.

The Magistrate Judge therefore concluded that it was unnecessary to address whether the Supreme Court's holding in *Johnson* rendered the residual clause of Section 3156 void for vagueness. *Id.* at 4.

The Court erred in its analysis of determining whether the charges in the complaint constitute a crime of violence because it failed to follow the categorical approach. Under the categorical approach, in determining whether an offense is a crime of violence, courts must assess "the elements of the statute of conviction, not [] the facts of each defendant's conduct." *Taylor v. United States*, 495 U.S. 575, 601 (1990); *see also Mathis v. United States*, 136 S.Ct. 2243 (2016) (reaffirming categorical approach). Courts have employed the categorical approach to the Bail Reform Act. *See United States v. Singleton*, 182 F.3d 7, 10-11 (D.C. Cir. 1999) (collecting cases and holding that courts must use categorical approach to identify crimes of violence under the Bail Reform Act); *United States v. Rogers*, 371 F.3d 1225, 1228 n.5 (10th Cir. 2004) (holding that "by its nature" language in §3156(a)(4)(B) mandates categorical approach); *United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000) (same); *United States v. Pereira*, 454 F.Supp.2d 40 (D.Mass. 2006) (applying categorical approach to Bail Reform Act's definition of crime of violence). As explained by the D.C. Circuit in *Singleton, supra*, "Each of the three prongs of the statutory definition identify a fixed category of offenses that does not expand or contract based on the factual peculiarities of a particular case." 182 F.3d at 11. For example, the first clause, also known as the force clause, directs the court to look to whether or not an offense has "as an element of the offense" the requisite use of physical force. The statute therefore directs the Court to look to the elements of the charged offense, and not the facts of the specific case. *Id.* Even the residual clause of the definition directs the court to assess whether the crime at

issue, "by its nature," presents the requisite risk, referring "to a legal charge rather than its

factual predicate." *Id.*

Employing the categorical approach to the case at hand requires looking at the elements

of the charged offense, 18 U.S.C. §844(e). The statute can be violated in a number of ways. It

reads:

> Whoever, through the use of the mail, telephone, telegraph, or other
> instrument of interstate or foreign commerce, or in or affecting interstate
> or foreign commerce, willfully makes any threat, or maliciously conveys
> false information knowing the same to be false, concerning an attempt or
> alleged attempt being made, or to be made, to kill, injure, or intimidate
> any individual or unlawfully to damage or destroy any building, vehicle,
> or other real or personal property by means of fire or an explosive shall be
> imprisoned for not more than 10 years or fined under this title, or both.

18 U.S.C. §844(e).  As explained by the Supreme Court in *Mathis*, some crimes "list elements in

the alternative, and thereby define multiple crimes;" other crimes "enumerate[] various factual

means of committing a single element 136 S.Ct. at 2249. Under the former, the offense is

considered "divisible," and the court must employ the "modified categorical approach," in which

the court can look to a limited number of sources, such as the indictment, to see which specific

elements of the crime of which the defendant was convicted (or here accused). *Id.* Under the

latter, the statute is considered indivisible, and the court must look only at the elements of the

crimes, and disregard the means by which the crime was committed, in determining whether the

offense qualifies as a "crime of violence." *Id; Descamps v. United States*, 133 S.Ct. 2276, 2281-

82 (2013). To determine whether a statute sets out different elements or simply different means

by which the crime can be committed, the court must look to those facts that the jury is required

to find unanimously in order to convict. *Mathis*, 136 S.Ct. at 2249. The Court may look to case

law defining the elements of the offense. *Id.* at 2256. The Court may also look to the statute itself

to see if different alternatives carry different punishments, in which case the alternatives are

4

elements, not means. *Id.* If case law and the text of the statute "fail to provide clear answers" then the Court can look at the record of the underlying offense to determine whether the statute sets forth different means or elements. *Id.* at 2256-57. If, after examining all of these sources, it remains unclear whether the statute sets forth alternative means of elements, then the offense does not satisfy "*Taylor*'s demand for certainty." *Id.* at 2257.

The statute at issue here prohibits threats by means of interstate commerce, and sets forth various means by which the crime may be committed. In *United States v. Spruill*, 118 F.3d 221 (4th Cir. 1997), the Fourth Circuit agreed with the defendant that §844(e) "describes a single offense with five elements," and rejected the government's argument that the statute defined two distinct offense. The elements of the crime are:

1. willfully

2. making a threat or conveying false information about an attempt

3. by mail, telephone, telegraph, or other instrument of commerce

4. to kill, injure, or intimidate an individual *or* damage or destroy property

5. by means of fire or an explosive.

*Id.* at 224-25[3]; *see also United States v. Smegal*, 2010 WL 4922694 at *5 (D.Mass. Nov. 29, 2010) (noting same elements). The statute at issue here is therefore indivisible, setting forth five elements that can be satisfied by different means.

Comparing these elements to what is required under the "force clause" of the Bail Reform Act's definition of crime of violence shows that the statute prohibits a greater range of conduct than that described in the force clause. The force clause requires "an offense that has an

---

[3] In so holding that the statute set forth a single crime with five elements, the Fourth Circuit held that "by means of fire or an explosive" is a required element of the offense, whether the target of the threat was a person or property. *Id.* at 225-26.

element of the offense use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. §3156(a)(4)(A). The Supreme Court has defined "physical force" as "*violent* force – that is, force capable of causing physical pain or injury to another person. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). Here, a jury could convict based on either threats or maliciously conveyed false information, and the malicious conveyance of false information does not meet the definition of crime of violence in the force clause. Likewise, the maliciously conveyed false information could be concerning not just physical force, but also intimidation, which would likewise not fall under the force clause's definition. Thus, because the elements of the statute prohibit conduct that does not necessarily meet the force clause's definition of crime of violence, the statute is overbroad. *See United States v. Fish*, 758 F.3d 1, 5 (1st Cir. 2014) ("We 'look only to the statutory definition of the [] crime and the fact of the conviction to determine whether the conduct criminalized by the statute, *including the most innocent conduct*, qualifies as a crime of violence.'" (quoting *Karimi v. Holder*, 715 F.3d 561, 567)) (4th Cir. 2013) (emphasis added).

Because, when analyzing the statute at issue using the categorical approach, the charges in this case do not meet the definition of crime of violence in the "force clause," it is necessary to consider whether the holding of *Johnson* extends to the similarly worded residual clause of 18 U.S.C. §3156(a)(4)(B). The residual clause applicable to the Bail Reform Act is nearly identical to the residual clause of the definition of "violent felony" found unconstitutionally vague by the Supreme Court in *Johnson*. 135 S.Ct. 2551. In *Johnson*, the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") (18 U.S.C. §924(e)(2)(B)(ii)) -  providing  that a  felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" – was "unconstitutionally vague"

because the "indeterminancy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The risk-based language in the residual clause found at 18 U.S.C. §3156(a)(4)(B) is similar to that of 18 U.S.C. §924(e)(2)(B)(ii). The statutory differences are immaterial to the analysis required by *Johnson*. *Johnson*'s determination that the ACCA residual clause was unconstitutionally vague hinged not on the type of risk, but on the type of inquiry required to assess and quantify the risk. The residual clauses of both §3156(a)(4)(B) and §924(e) require a court to first determine the "ordinary case" of the felony designated as a predicate and then to employ a categorical approach to assess the risk posed by that "ordinary case." It was the indeterminancy of those determinations that rendered the residual clause of the ACCA unconstitutionally vague. That same indeterminancy requires that the residual clause of §3156(a)(4)(B) be held unconstitutionally vague.

The residual clause of §3156(a)(4)(B) is identical to the residual clause of the definition of "crime of violence" found in 18 U.S.C. §924(c)(3)(B) and 18 U.S.C. §16(b). Four circuits have held the identically-worded residual clause of §16(b) to be unconstitutionally vague following *Johnson*, notwithstanding some textual differences between the ACCA residual clause and §16(b).[4] *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015); *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015); *Shuti v. Lynch*, 2016 WL 3632539 (6th Cir. July 7, 2016); *Golicov v. Lynch*, 2016 WL 4988012, No. 16-9530 (10th Cir. Sept. 19, 2016); *but see United States v. Taylor*, 814 F.d 340 (6th Cir. 2016) (holding that the residual clause of §924(c) is not void for vagueness in a decision that pre-dated *Shuti, supra*); *United States v. Gonzalez-Longoria*, 2016

---

[4] The text of the ACCA residual clause differs in its reference to "physical injury" rather than "physical force" and its use of the phrase "otherwise involves conduct" rather than "by its nature". The ACCA residual clause also contains an "enumerated offense" clause in which a number of specific crimes are listed as examples of what might qualify as a violent felony under that section.

WL 4169127 at *5-6 (5th Cir. Aug. 5, 2016) (holding that residual clause of §16(b) is not

unconstitutionally vague); *United States v. Hill*, 2016 WL 4120667 (2d Cir. Aug. 3, 2016)

(holding that the residual clause of §924(c) is not void for vagueness). In *Dimaya* the court held

that:

> The Court's reasoning [in *Johnson*] applies with equal force to the similar
> statutory language and identical mode of analysis used to define a crime of
> violence [in §16(b)]. The result is that because of the same combination of
> indeterminate inquiries, §16(b) is subject to identical unpredictability and
> arbitrariness as ACCA's residual clause….a careful analysis of the two
> sections, the one at issue here and the one at issue in *Johnson*, shows that
> they are subject to the same constitutional defects and that *Johnson*
> dictates that §16(b) be held void for vagueness.

803 F.3d at 1115.  None of the differences between the two clauses "undermines the applicability

of *Johnson*'s fundamental holding." (*id*. at 1120). Likewise, in *United States v. Vivas-Ceja,* 808

F.3d 719,720, 723 (7th Cir. 2015), the court held that §16(b) "is materially indistinguishable

from the ACCA's residual clause" because it requires "the identical indeterminate two-step

approach" found unconstitutional in *Johnson*. For these same reasons, the residual clause of

§3156(a)(4) is unconstitutionally vague.[5]

Because the residual clause of the definition of "crime of violence" is unconstitutional in

light of *Johnson, supra,*  and because, under the categorical approach, the crime charged here

does not meet the force clause's definition of crime of violence, Mr. Keogan can only be

detained if the government has met their burden under 18 U.S.C. §3142(f)(2)(A) or

3142(f)(2)(B). In *United States v. Ploof, supra*, the First Circuit made clear that a Court may not

detain an individual on grounds of dangerousness unless the case involves one of the

circumstances listed in 18 U.S.C. §3142(f)(1). 851 F.2d at 11. In this case, the Magistrate

---

[5] Counsel is not aware of any published decisions to date that contain an analysis of *Johnson* to the Bail Reform
Act's definition of "crime of violence."

Judge's order of detention relies upon her assessment of the danger Mr. Keogan poses to the community: "The nature of the offense and the potential danger to the community combined with Keogan's criminal convictions and history of alcohol abuse weight heavily in favor of detention. Accordingly, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." D.E. 23 at 6. Other aspects of the decision suggest Mr. Keogan is not a risk of flight, and the Court made no findings on whether Mr. Keogan, who made these allegedly threatening Facebook threats on one day in November 2015 and then was not arrested until July 2016, posed a substantial risk to obstruct justice or intimidate a witness. D.E. 23 at 5.

For these reasons, and any other reasons that may become apparent at the hearing on this motion, the defendant seeks review of the Magistrate Judge's decision ordering his pre-trial detention and asks that the District Court revoke that order. Defendant requests a prompt hearing and determination before this Court. 18 U.S.C. §3145(b).

PATRICK KEOGAN,
By his attorney,

*/s/ Jane F. Peachy*
Jane F. Peachy, BBO #661394
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 27, 2016.

*/s/ Jane F. Peachy*
Jane F. Peachy