

**U.S. Department of Justice**

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 9, 2017

Jane Peachy, Esq.
Assistant Federal Public Defender
51 Sleeper St.
Boston, MA 02210

> Re:   United States v. Patrick Keogan
>         Criminal No. 16-CR-10244-DPW

Dear Ms. Peachy:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Patrick Keogan ("Defendant"), agree as follows with respect to the above-referenced case:

1.   <u>Change of Plea</u>

At the earliest practicable date, but in no event later than February 17, 2017, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Plea Agreement charging him with: Counts 1 and 2 (18 U.S.C. § 844(e)(1) — Using an Instrument of Interstate and Foreign Commerce to Willfully Make a Threat to Injure and Intimidate Another Individual, and to Unlawfully Damage and Destroy a Building, by Means of Fire), Count 3 (18 U.S.C. § 922(g)(1) — Felon in Possession of Firearms and Ammunition), and Count 4 (18 U.S.C. § 2252A(a)(5)(B),(b)(2) — Child Pornography). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts 1 through 4 of the Superseding Information, did so knowingly and, for Counts 1 and 2, willfully, and is in fact guilty of those offenses.

The U.S. Attorney agrees to dismiss the pending indictment following imposition of the sentence at the sentencing hearing. The U.S. Attorney also agrees not to charge Defendant with additional firearms, ammunition, or child pornography charges, other than those contained in the Superseding Information, based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on each of the respective counts of the Superseding Information:

*Counts 1 and 2 (18 U.S.C. § 844(e)(1) — Using an Instrument of Interstate and Foreign Commerce to Willfully Make a Threat to Injure and Intimidate Another Individual, and to Unlawfully Damage and Destroy a Building, by Means of Fire):*

- incarceration for 10 years;

- supervised release for 3 years;

- a fine of $250,000;

- a mandatory special assessment of $100;

- restitution; and

- forfeiture to the extent charged in the Superseding Information.

*Count 3 (18 U.S.C. § 922(g)(1) — Felon in Possession of Firearms and Ammunition):*

- incarceration for 10 years;

- supervised release for 3 years;

- a fine of $250,000;

- a mandatory special assessment of $100;

- restitution; and

- forfeiture to the extent charged in the Superseding Information.

*Count 4 (18 U.S.C. § 2252A(a)(5)(B),(b)(2) — Child Pornography):*

- incarceration for 20 years;

- mandatory term of supervised release for at least 5 years and a maximum of life;

- a fine of $250,000;

2

- a mandatory special assessment of $100;

- an additional mandatory special assessment of $5,000, pursuant to 18 U.S.C. § 3014;
- restitution; and

- forfeiture to the extent charged in the Superseding Information.

Defendant understands and agrees that as a consequence of his conviction for the crime in Count 4 to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. § 2250.

3.   <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory minimum and maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

*Counts 1 and 2 (Threats of Arson)*

- in accordance with USSG § 2A6.1, Defendant's base offense level is 12, because he is not being convicted under 47 U.S.C. § 223(a)(1)(C), (D), or (E);

- in accordance with USSG § 3A1.1(a), Defendant's offense level is increased by 3, because beyond a reasonable doubt, "defendant intentionally selected any victim or any property as the object of the offense because of the actual or perceived . . . religion . . . of any person"; and

- therefore, the total offense level for these counts (prior to any adjustment for acceptance of responsibility) is 15;

*Count 3 (Felon-in-Possession)*

- in accordance with USSG § 2K2.1(a)(4)(A) and (a)(4)(B)(i), Defendant's base offense level is 20, because Defendant committed a part of the instant offense

3

subsequent to sustaining a felony conviction of a crime of violence, and because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and a firearm that is described in 26 U.S.C. § 5845(a) and Defendant was a prohibited person at the time he committed the offense;

- in accordance with USSG § 2K2.1(b), Defendant's offense level is increased by 4, because the offense involved not only ammunition, but also an estimated 8-24 firearms;

- therefore, the total offense level for this count (prior to any adjustment for acceptance of responsibility) is 24;

*Count 4 (Child Pornography)*

- in accordance with USSG § 2G2.2(a)(1), Defendant's base offense level is 18, because he is being convicted of violating 18 U.S.C. § 2252A(a)(5);

- in accordance with USSG § 2G2.2(b)(2), Defendant's offense level is increased by 2, because the material involved a prepubescent minor or a minor younger than 12;

- in accordance with USSG § 2G2.2(b)(6), Defendant's offense level is increased by 2, because the offense involved the use of a computer to receive the material or for accessing it with intent to view it;

- in accordance with USSG § 2G2.2(b)(7), Defendant's offense level is increased by 2, because the offense involved 10 to 149 images;

- therefore, the total offense level for this count (prior to any adjustment for acceptance of responsibility) is 24;

*Grouping Analysis*

- Counts 1 and 2 form two separate groups because they involve different victims. *See United States v. Nedd,* 262 F.3d 85 (1st Cir. 2001);

- Counts 3 and 4 also form two separate groups, because they involve different, unrelated conduct;

- in accordance with USSG § 3D1.4(a), the group with the highest offense level is Count 3, with an offense level of 24, which counts as a unit;

- in accordance with USSG § 3D1.4(a), Count 4, also with an offense level of

4

24, counts as a unit because it is equally serious as Count 3;

- therefore, in accordance with USSG § 3D1.4(a), the number of units is 2; and

- in accordance with USSG § 3D1.4, the combined offense level is 26, which equals 24 (the offense level applicable to Count 3), plus 2 offense levels because there are 2 units.

The U.S. Attorney reserves the right to seek an upward departure pursuant to USSG § 4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's indictment in this case.

If Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Guidelines sentencing range based on Defendant's medical, mental, and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including Bureau of Prisons medical personnel) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in Defendant's possession.  In addition, Defendant will authorize Defendant's care providers to discuss Defendant's condition with the U.S. Attorney and his agents (including Bureau of Prisons medical personnel), as well as experts retained by the U.S. Attorney.  Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including Bureau of Prisons medical personnel).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure from, or a sentence outside, the USSG under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)     Fails to provide truthful information about Defendant's financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Plea Agreement; or

(j)     Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.      Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)     incarceration for no more than 57 months;

(b)     a fine within the Guidelines sentencing range as calculated by the parties, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     60 months of supervised release;

(d)     a mandatory special assessment of $5,400 ($400 only, if Defendant is found by the Court to be indigent), which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

6

(e) restitution in an amount to be determined at sentencing; and

(f) forfeiture as set forth in in the Superseding Information.

Defendant may recommend any sentence he wishes.

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.     <u>Post-Sentence Events</u>

(a) If Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court.

(b) If Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

6.     <u>Court Not Bound by Plea Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the mandatory minimum and maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

7.     <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    (a)    All firearms and ammunition involved in the commission of the violation of 18 U.S.C. § 922(g);

    (b)    a white Apple iPhone 4 contained in a black OtterBox case, Model No. # MC608, which was seized from Defendant at the time of his arrest; and

    (c)    a black Apple iPad 2, serial number DQTG519HDFHW, which was seized from Defendant's residence at Zero State Street, Wilmington, Massachusetts, on the date of his arrest.

Defendant admits that these assets are subject to forfeiture on the grounds that they are visual depictions which were produced, transported, mailed, shipped, or received in violation of law; all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and all property, real or personal, used or intended to be used to commit, or to promote the commission of the offenses, pursuant to 18 U.S.C. § 2253; or firearms and ammunition involved in the commission of the offense, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. Defendant agrees to execute, upon request, an FBI consent to forfeiture form for the assets described herein.

8

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property described in this Plea Agreement, including notice thereof, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any firearms, ammunition, vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to, and consents to forfeiture of:

a.      two boxes of 8mm rifle ammunition and two bags of loose 8mm rifle ammunition purchased in New Hampshire on or about May 1, 2016;

b.      all other ammunition seized from the defendant's residence on July 26, 2016;

c.      a Russian Mosin Nagant M-91/30 7.62mm x54 caliber rifle, bearing serial number 9130233010;

d.      a Romanian PSL - 54C 7.62mm x54 caliber semi-automatic rifle, bearing serial number 6327-76;

e.      a Russian Mosin Nagant M91/30 7.62mm x54 caliber rifle, bearing serial number 33755;

f.      a Molot Mosin Nagant KO 91/30 7.62mm x54 caliber rifle, bearing serial number 146388;

g.      a Romarm/CUGIR AES-10B 7.62mm x39 caliber semi-automatic rifle, bearing serial number VE2457;

h.      a Russian Mosin Nagant 7.62mm x54 caliber rifle, bearing serial number E000612;

i.      a Chinese SKS Type 56 7.62mm x39 caliber semi-automatic rifle, bearing serial number 2416102;

j.      a Russian Mosin Nagant M91/30 7.62mm x54 caliber rifle, bearing serial number PH08469;

k.   a China Jing An SKS Type 56 7.62x39 caliber semi-automatic rifle, bearing serial number 2386385;

l.   a Waffenfabrik-Bern K-31 7.5mm x 55 caliber rifle, bearing serial number K3106445;

m.   a Molot Oruzhie Mosin Nagant 7.62mm x 54 caliber rifle, bearing serial number MN06878;

n.   a Carl Gustaf Stads Gevarsfaktori M/94 6.5mm x 55 caliber, bearing serial number BH512443;

o.   a New Frontier LW-15 multi-caliber semi-automatic rifle, bearing serial number NLV07330;

p.   an IZHMASH (IMEZ) Saiga 12 caliber shotgun, bearing serial number H12411936;

q.   a DPMS, Inc. Panther LR 308 7.62 mm x 51 a/k/a .308 caliber semi-automatic rifle, bearing serial number 51997;

r.   a FA CUGIR 5.45mm x39 caliber semi-automatic rifle, bearing serial number MC 0457-11 RO;

s.   a Norinco BWK92 Sporter 5.56 mm x45 caliber semi-automatic rifle, bearing serial number 306869;

t.   a Romarm/CUGIR AES-10B 7.62mm x39 caliber semi-automatic rifle, bearing serial number VR 2758;

u.   an IZHMASH (IMEZ) Saiga 7.62mm x39 caliber semi-automatic rifle, bearing serial number W09604248;

v.   an RE Terni Carcano 7.35mm caliber rifle, bearing serial number S129788;

w.   a Vetterli 1874 Torino 10.4mm caliber rifle, bearing serial number not determined;

x.   a Russian Mosin Nagant 7.62mm x 54 caliber rifle, bearing serial number G5553;

y.   a Russian Mosin Nagant 7.62mm x54 caliber rifle, bearing serial number 13091;

10

z.  a Finnish Mosin Nagant M39 7.62mm x54 caliber rifle, bearing serial number 68975;

aa.  a Russian Mosin Nagant 7.62mm x 54 caliber rifle, bearing serial number 181804;

bb.  a Russian Mosin Nagant 7.62mm x54 caliber rifle, bearing serial number 22940;

cc.  a Finnish Mosin Nagant M/91 7.62mm x54 caliber rifle, bearing serial number 45073W;

dd.  a Russian Mosin Nagant 7.62mm x54 caliber rifle, bearing serial number S96948;

ee.  a Mauser K98 7.92mm x 57 caliber rifle, bearing serial number 3219V;

ff.  a Finnish Mosin Nagant M/91 7.62mm x54 caliber rifle, bearing serial number 29308;

gg.  a Russian SVT-40 7.62mm x54 caliber semi-automatic CA, bearing serial number 432;

hh.  a Russian Mosin Nagant 7.62mm x54 caliber rifle, bearing serial number 305818;

ii.  a Finnish Mosin Nagant M/27 7.62mm x54 caliber rifle, bearing serial number 77079;

jj.  a Finnish Mosin Nagant M/39 7.62mm x54 caliber rifle, bearing serial number not determined;

kk.  a Finnish Mosin Nagant M/27 7.62mm x54 caliber rifle, bearing serial number 2615;

ll.  a Finnish Asevi 7.62mm x54 caliber rifle, bearing serial number 11115;

mm.  a Russian Mosin Nagant M/91 7.62mm x54 caliber  rifle, bearing serial number SL735;

nn.  a Russian Mosin Nagant M/38 7.62mm x54 caliber rifle, bearing serial number 38-4807;

oo.  a Russian Mosin Nagant M/44 7.62mm x54 caliber  rifle, bearing serial number RC008743;

11

pp.   a rifle, bearing serial number 194957;

qq.   an Egyptian Hakim 7.92 x57 caliber semi-automatic rifle, bearing serial number not determined;

rr.   an Imperial Arsenal of Danzig 1890 GEW 88 8mm caliber rifle, bearing serial number 926x;

ss.   a High Standard 583 20 caliber shotgun, bearing no serial number;

tt.   an FIE Corp. Titan 0.25 caliber pistol, bearing serial number 109278;

uu.   a CUGIR Tokarev 7.62mm x25 caliber pistol, bearing serial number B1533;

vv.   a Smith & Wesson M&P Shield 9mm caliber pistol, bearing serial number DXY1673;

ww.   a Browning Hi-Power 9mm caliber pistol, bearing serial number T255264;

xx.   a Smith & Wesson SW1911SC 0.45 caliber pistol, bearing serial number JRH3921; and

yy.   an Ethan Allen Pistol, bearing serial number not determined.

8.   Information for Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

9.   Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

10.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

11.   Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12.     <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.     <u>Complete Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By:            

S. Theodore Merritt
Chief, Civil Rights Enforcement Team

Scott L. Garland
Assistant U.S. Attorney

13

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense(s) to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Patrick Keogan
Defendant

Date: 2-9-17

I certify that Patrick Keogan has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Jane Peachy
Assistant Federal Public Defender
Attorney for Defendant

Date: 2-9-17

14